KM

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Michael Juvon Mallory,

Plaintiff,

v.

Unknown Touchet, et al.,

Defendants.

No.    CV-25-03039-PHX-JAT (ASB)

**ORDER**

Self-represented Plaintiff Michael Juvon Mallory, who is confined in the Red Rock Correctional Center and proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the Complaint with leave to amend. Pending before the Court are Plaintiff's First Amended Complaint (Doc. 7) and two Motions to "Amend Mailing List" (Docs. 8 and 10). The Court will dismiss the First Amended Complaint and this action and deny as moot the Motions.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

. . . .

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.    First Amended Complaint

In his three-count First Amended Complaint, Plaintiff sues Maricopa County Sheriff Gerard Sheridan, Sergeant Touchet, Lieutenant Mikel, and Sergeant Houston. Plaintiff seeks monetary damages.

In Count One, Plaintiff alleges Defendant Touchet used excessive force on him. Plaintiff claims that on July 31, 2025, Defendant Touchet pushed Plaintiff and when Plaintiff asked why, Touchet just kept "talking about what he want[ed] and not what just happened." Plaintiff claims this was a "lack of training."

In Count Two, Plaintiff alleges that on July 28, 2025, he was "let out 15 min[utes] late" for a meeting with his lawyer. Plaintiff asked Defendant Mikel for the badge numbers of the officers who did not let him out for the visit on time, but Defendant Mikel said he would not give Plaintiff their badge numbers. Plaintiff asserts this is lack of training by an officer.

In Count Three, Plaintiff claims Defendant Mikel retaliated against him. Plaintiff asserts Defendant Mikel told Plaintiff he would not provide Plaintiff the badge numbers of the officers who did not timely bring Plaintiff to his attorney visit and also told Plaintiff that Plaintiff was "not gon[ing] to win this case."

## III.    Failure to State a Claim

To state a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.    Excessive Force

The Fourteenth Amendment's Due Process Clause applies to the use of excessive force against pretrial detainees that amounts to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002). Force is excessive if the officers' use of force was "objectively unreasonable" in light of the facts and circumstances confronting them, without regard to their mental state. *Kingsley*, 576 U.S. at 396; *see also Graham v. Connor*, 490 U.S. 386, 397 (1989) (applying an objectively unreasonable standard to a Fourth Amendment excessive force claim arising during an investigatory stop). In determining whether the use of force was reasonable, the Court should consider factors including, but not limited to

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

Because officers are often forced to make split-second decisions in rapidly evolving situations, the reasonableness of a particular use of force must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citing *Graham*, 490 U.S. at 396). Further, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Constitution. *Graham*, 490 U.S. at 396 (citation omitted).

Plaintiff alleges Defendant Touchet pushed him. Plaintiff does not allege he suffered physical injuries or otherwise allege facts to support that Touchet's use of force rose to the level of a constitutional violation. Plaintiff has therefore failed to state an excessive force claim in Count One.

### B.   Counts Two and Three

Plaintiff's allegations that Defendant Mikel refused to give him the badge numbers of the officers responsible for the delayed attorney fail to demonstrate Defendant Mikel violated Plaintiff's constitutional rights. Plaintiff does not allege *Defendant Mikel* was involved in the delayed visit, nor does he claim he was unable to meet with his attorney or that he suffered some other harm.

To the extent Plaintiff intends to claim Defendant Mikel impeded the grievance process, he fails to state a claim. While prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer*

*v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts). Accordingly, these allegations fail to state a claim.

With respect to Plaintiff's assertion that Defendant Mikel retaliated against him, Plaintiff also fails to state a claim. A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff alleges only that Defendant Mikel told Plaintiff he was not going to win his lawsuit. This is insufficient to show Defendant Mikel took an adverse action against Plaintiff that chilled Plaintiff's exercise of his First Amendment rights or that Plaintiff

suffered more than minimal harm.  Accordingly, Plaintiff fails to state a retaliation claim against Defendant Mikel.

The Court will dismiss Counts Two and Three for failure to state a claim.

**IV.      Dismissal Without Leave to Amend**

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint.  Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires."  Fed. R. Civ. P. 15(a).  "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).  The Ninth Circuit in *Corinthian Colleges* explained that leave to amend is not warranted unless the deficiencies "can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint," 655 F.3d at 955 (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).  In addition, "[l]eave to amend may be denied when a plaintiff has demonstrated a 'repeated failure to cure deficiencies by amendments previously allowed.'"  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (emphasis added); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (a district court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended his complaint) (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).

The Court notified Plaintiff of the deficiencies of the claims he raised in the original Complaint.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (noting that a pro se plaintiff is generally entitled to notice of the deficiencies of his claims and an opportunity to amend).  Plaintiff has had an opportunity to amend his claims but has alleged the same facts as in his original Complaint.  The Court finds that further opportunities to amend

would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.  The Court will deny as moot the pending Motions.

**IT IS ORDERED:**

(1)    Plaintiff's Motions to Amend Mailing List (Docs. 8 and 10) are **denied**.

(2)    The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 14th day of April, 2026.

James A. Teilborg
Senior United States District Judge